IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, *Plaintiff/Substitute Trustee*, v. DONNA V. BRYANT, *et al.*, *Defendants*. | Civil No.: 8:25-cv-00523-JRR |

**MEMORANDUM OPINION**

Pending before the court is Plaintiff's Motion to Dismiss, and in the Alternative, For Summary Judgment. (ECF No. 12, the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motion, construed as a motion to dismiss, will be granted.

**I.   BACKGROUND**[1]

Plaintiff, the United States Secretary of Housing and Urban Development ("HUD"), initiated the underlying action by filing a "Complaint [for] Notice of Default and Foreclosure Sale" (the "Notice") in the Circuit Court for Prince George's County, Maryland (Case No. C-16-JG-24-013191) on October 1, 2024, against Defendant Donna V. Bryant. (ECF No. 8-2 at p. 1.)[2] According to the Notice, a Deed of Trust was executed by Defendant Donna V. Bryant in favor of Generation Mortgage Company as Beneficiary, and Micasa Title Group, LLC, as Trustee on

---

[1] For purposes of resolving the Motion to Dismiss, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 4.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

[2] The court may take judicial notice of matters in the public record and publicly available information on state and federal government websites. *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017).

January 11, 2010, for the subject property located at 8112 Alcoa Drive, Fort Washington, MD 20744 (the "Property"). *Id.* at p. 7. On March 19, 2019, the Deed of Trust was assigned to HUD and subsequently recorded on March 20, 2019, in the office of the Land Records of Prince George's County, Maryland. *Id.* The Notice stated that a default had occurred because a payment due on July 22, 2024, was not made and remained unpaid as of the date of the Notice, the "Borrower" Defendant Bryant had died, the Property was "not the principal residence of at least one surviving Borrower, and no payment ha[d] been made sufficient to restore the loan to currency[.]" *Id.*

Accordingly, HUD initiated foreclosure proceedings pursuant to the Single Family Mortgage Foreclosure Act of 1994, 12 U.S.C. § 3751, *et seq.* (ECF No. 8-2 at p. 7.) 12 U.S.C. § 3758 sets forth the requirements for service of notice of a foreclosure sale, "notwithstanding any notice requirements of any State or local law." Pursuant to Maryland Rule 12-102, HUD filed a *lis pendens* action in the Circuit Court for Prince George's County Maryland by filing the Notice. (ECF No. 8-2.)

On October 25, 2024, *pro se* Defendant Bryant-Stewart filed a Motion to Intervene (ECF No. 83 at pp. 1–4) in the state court action as the personal representative for the Estate of Donna V. Bryant, which the court subsequently granted on November 14, 2024. (ECF No. 8-5 at pp. 1–2.) On December 9, 2024, Ms. Bryant-Stewart filed a "Compliant [sic] to Quite Title" (ECF No. 4; the "Complaint") against HUD in the same state court action, which the court construes as a quiet title claim against HUD. (ECF No. 4.) Ms. Bryant-Stewart's Complaint was filed in the same state court action and was not assigned a new or different case number.

The Complaint asserts Ms. Bryant-Stewart acquired the Property through inheritance and is "the current holder of legal and equitable title to the [P]roperty." (ECF No. 4 ¶ 1.) She alleges

that "[a] cloud exists on the title of the [P]roperty due to an unperfected lien (adverse possession claim)," which affects her ownership, and HUD "asserts an interest in the property that is adverse to [her] title." *Id.* ¶¶ 4–5. She seeks, *inter alia*, to halt the foreclosure proceedings[3] and to "Quiet Title" in her favor by declaring her the sole owner of the Property and extinguishing "all adverse claims, liens, or encumbrances[.]" *Id.* ¶ 7.

HUD removed the action to this court on February 20, 2025 (ECF No. 1) pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1), and filed the Motion on May 21, 2025. Defendant Bryant-Stewart did not oppose removal to this court and failed to respond to HUD's Motion, thus conceding the arguments presented by HUD.

## II.   LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(d)

HUD brings its Motion as a motion to dismiss or, alternatively, for summary judgment. "A motion with this caption implicates the court's discretion under FED. R. CIV. P. 12(d)." *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022). Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion." *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 WL 5335477, at *3 (D. Md. Sept. 22, 2016) (citations omitted).

---

[3]The court notes that in its Motion, HUD states that "[o]n February 11, 2025, a foreclosure sale was held involving the subject [P]roperty, at which [HUD] submitted the highest bid . . . [and] the deed to the subject [P]roperty was transferred to HUD." (ECF No. 12-1 at pp. 4–5.)

"There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'" *Snyder,* 2022 WL 980395, at *4 (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Second, the parties must first "be afforded a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177.

This case is in its infancy and there has been no discovery. In light of the foregoing, and where, as here, the court need not consider matters outside the pleading, the court declines to convert the Motion, and will therefore evaluate the Motion as one to dismiss per Rule 12(b)(6). As such, the court declines to consider the exhibits attached to HUD's Motion.[4] FED. R. CIV. P. 10(c); *Goines v. Valley Comm. Servs. Bd.,* 822 F.3d 159, 165–166 (4th Cir. 2016).

## B. Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, "a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain

---

[4] In considering the Motion, the court may of course consider "documents integral to and relied upon in the complaint, . . . so long as the plaintiff does not question their authenticity." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021). Here, no party argues, nor does the court discern, that the attached exhibits are integral to the Complaint. *See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (explaining that a document is integral to a pleading if "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted'") (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).

4

that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III. ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented

5

litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. Propriety of Removal

Given HUD's designation as Plaintiff in the underlying action, the court first assesses whether HUD's removal of this action was proper. In its Notice of Removal, HUD explains that removal is proper pursuant to 28 U.S.C. § 1441, because this matter "appears to be a civil action of which the federal district courts have original jurisdiction founded on a claim or arising under the Constitution, treaties or laws of the United States," and pursuant to 28 U.S.C. § 1442(a)(1), "because the matter is a civil action commenced in a State court and the action is against the United States." (ECF No. 1 ¶¶ 5–6.)

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even where the parties do not contest it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Although not raised by HUD here, the court finds that this action was properly removed pursuant to 28 U.S.C. § 1444.[5] 28 U.S.C. § 1444 provides, "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." Pursuant to § 2410, "the United States may be named a party in any civil action or suit in any district court . . . to quiet

---

[5] The court takes judicial notice of HUD's Response to Order to Show Cause in *United States Secretary of Housing and Urban Development v. Ealy* (Case No. 8:25-cv-00528-ABA; ECF No. 18). The facts and procedural posture of this case mirror those in the *Ealy* case. There, Judge Abelson ordered the parties to show cause why the case should not be remanded for lack of federal jurisdiction or untimeliness. Among other arguments, HUD's response cites 28 U.S.C. § 1444 as a proper basis for removal.

6

title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(1).

As set forth above, HUD initiated foreclosure proceedings pursuant to the Single Family Mortgage Foreclosure Act of 1994, 12 U.S.C. § 3751, *et seq.* Section 3758 of the Act sets forth the requirements for service of notice of a foreclosure sale, "notwithstanding any notice requirements of any State or local law." 12 U.S.C. § 3758. It provides, "[n]ot less than 21 days before the date of the foreclosure sale, the notice of default and foreclosure sale shall be filed in the manner authorized for filing a notice of an action concerning real property according to the law of the State in which the security property is located[.]" 12 U.S.C. § 3758(1). HUD filed the *lis pendens* action as to the subject property in accordance with the Maryland Rules.[6] The action merely provides "constructive notice of the pending action as to the subject real property located in that county." MD. RULE 12-102(b). Here, the pending action was the imminent foreclosure proceeding initiated by HUD.

Accordingly, the court is satisfied that Ms. Bryant-Stewarts's Complaint to quiet title against HUD instituted a separate civil action under 28 U.S.C. § 2410(a)(1), although it was filed in the same state court docket. Despite the caption of the Complaint, the parties' substantive roles are reversed. HUD is more appropriately characterized as a defendant and Ms. Bryant-Stewart as

---

[6] Maryland Rule 12-102 provides, "In an action to which the doctrine of lis pendens applies, the filing in the land records of a county in which real property that is the subject of the action is located of either (1) a certified copy of the complaint giving rise to the lis pendens or (2) a Notice of Lis Pendens . . . is constructive notice of the pending action as to the subject real property located in that county." MD. RULE 12-102(b). The court notes that amendments to Rule 12-102(b) were adopted by the (then) Maryland Court of Appeals in 2022 and, prior to those amendments, notice of a *lis pendens* was effected by the filing of the complaint in the county in which the affected real property was located. MD. RULE 12-102(b) committee note. HUD appears to have followed the pre-amendment requirements by filing its Notice in the Circuit Court for Prince George's County.

a plaintiff. Therefore, the court finds the Complaint falls within the scope of § 1444 and the court has jurisdiction over this action.[7]

**B. HUD's Motion**

HUD argues that the Complaint should be dismissed because it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), "does not meet basic pleading requirements", and "[t]here is no statutory authority included to support the one allegation in the claim, 'a could exists on the title of the [P]roperty due to an unperfected lien that affects [Bryant-Stewart's] ownership.'" (ECF No. 12-1 at p. 8.) As noted previously, Ms. Bryant-Stewart failed to respond to the Motion and, as such, is deemed to concede HUD's assertions.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level; and a complaint must contain "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. An adequately stated claim may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561. Further, under Federal Rule of Civil Procedure 8(a), a pleading that sets forth a claim for relief shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

---

[7] The Notice of Removal also raises a question as to timeliness under 28 U.S.C. § 1446(b)(1) because HUD removed this action more than 30 days after receipt of the Complaint, however, such a defect would be procedural. The Fourth Circuit has held that "a district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008). Accordingly, the court will not remand this action for untimeliness, as the parties have not raised the issue.

      (3) a demand for the relief sought.

FED. R. CIV. P. 8(a).  Each "allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

      Liberally construing Ms. Bryant-Stewart's Complaint, the court finds that she attempts to assert a quiet title claim against HUD. With respect to actions affecting property on which the United States has a mortgage or other lien, "the United States may be named a party in any civil action or suit in any district court . . . to quiet title." 28 U.S.C. § 2410(a)(1). Pursuant to the Quiet Title Act ("QTA"), federal courts "have exclusive original jurisdiction of civil actions under [28 U.S.C. §] 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States."[8] 28 U.S.C. § 1346(f); *see also Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983) (holding that "Congress intended the QTA to provide the exclusive means by which adverse claimants could challenge the United States' title to real property.")

      The QTA sets forth its own pleading standard, which requires a complaint to "set forth with particularly the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title or interest claimed by the United States." 28 U.S.C. § 2409a(d).  "If the plaintiff does not assert any such right [], the statute cannot come into play." *Match–E–Be–Nash–She–Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 218 (2012).  While the Fourth Circuit has not defined the level of particularity required under

---

[8] Under 28 U.S.C. § 2409a(a), "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights."

9

§ 2409a(d), the Ninth Circuit looks to Federal Rule of Civil Procedure 9(b) and other particularized pleading standards for guidance, explaining that "particularity generally necessitates a great deal of specificity[]" and requires a pleading to set forth the relevant circumstances in significant detail such that a defendant can prepare an adequate answer from the allegations. *McMaster v. United States*, 731 F.3d 881, 897–898 (9th Cir. 2013).

Here, the Complaint alleges that Ms. Bryant-Stewart resides at the subject Property, she acquired "legal and equitable title to the [P]roperty" through inheritance, and asserts that HUD "may claim" an interest in the Property that is adverse to her title. (ECF No. 4 ¶ 1.) She further contends that "[a] cloud exists on the title of the property due to an unperfected lien," which she describes as an adverse possession claim affecting her ownership. *Id.* ¶ 4. These allegations are not sufficiently particularized to state a claim under the QTA's pleading standard. The Complaint provides only conclusory statements regarding Ms. Bryant-Stewart's inheritance of the Property and offers no facts as to the circumstances under which it was acquired. Moreover, the assertions regarding HUD's interest are speculative, referring only to a possibly that HUD "may" claim an adverse interest in the Property without identifying the nature or the source of such interest. The vague and conclusory allegations leave HUD without the requisite particularized facts necessary to defend against or answer the claim to quiet title.

In sum, Plaintiff fails to satisfy the pleading standard of § 2409a(d). Therefore, the Complaint will be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 12) shall be granted.[9]

February 6, 2025

/S/
_____
Julie R. Rubin
United States District Judge

---

[9] Given that the Complaint warrants dismissal on the grounds discussed above, the court need not address HUD's argument that the Complaint should be dismissed for failure to properly serve the federal agency under Rule 4(i). (ECF No. 12-1 at p. 7.)